FILED

NOV 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAVIER ALCALA,

          Plaintiff - Appellant,

   v.

MONSANTO COMPANY,

          Defendant - Appellee.

No. 10-16164

D.C. No. 4:08-cv-04828-PJH

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 13, 2012[**]

Before:     CANBY, TROTT, and W. FLETCHER, Circuit Judges.

    Javier Alcala appeals pro se from the district court's summary judgment in

his diversity action alleging strict products liability and negligence claims arising

from his occupational exposure to herbicides produced by Monsanto. We have

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Primiano v. Cook*, 598 F.3d 558, 563 (9th Cir. 2010). We vacate and remand.

The district court granted summary judgment to Monsanto based on its finding that Alcala failed to provide evidence establishing a link between his injuries and Monsanto's products. To the contrary, Alcala provided detailed records establishing his workplace exposure to Monsanto's products. Alcala provided medical reports that establish a link between his symptoms and his occupational exposure to herbicides, and there are specific references in some of those medical reports to glyphosate, the active ingredient in Monsanto's products. Alcala also submitted evidence that his employer and the county agency did not require a more protective filter on the spray truck that he used because Monsanto's labels did not require such protection for non-agricultural occupational exposure.

In the circumstances of this case, where Alcala was proceeding pro se, it was improper to grant summary judgment without providing sufficient notice of the possible deficiencies in his evidence. If, under California case law, Alcala also needed to designate expert testimony in order to raise a triable dispute as to whether his exposure to Monsanto's products was a substantial factor in causing his medical problems, he should have been notified of the consequences of his failure to designate an expert. *See Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir.

1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy"); *see also* Fed. R. Civ. P. 56(c)(1)(B) (a party asserting that a fact cannot be genuinely disputed must support the assertion by "showing . . . that an adverse party *cannot* produce admissible evidence to support the fact" (emphasis added)); Fed. R. Civ. P. 56(e)(1) (noting that if a party fails to properly support an assertion of fact, "the court may [] give an opportunity to properly support or address the fact"). Accordingly, we vacate and remand with instructions to allow Alcala an opportunity to cure any technical defects in his evidence. We recommend that the district court consider appointing counsel to represent Alcala on remand.

The appellee shall bear the costs on appeal.

**VACATED and REMANDED.**